WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE ALASKA, 99501
TEL. (907) 276-1200
FAX. (907) 278-6571

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JUSTINE RICHARDSON, )
)
                      Plaintiff, )
)
v. ) Case No. _____
)
STATE OF ALASKA; )
STATE OF ALASKA DEPARTMENT OF )
CORRECTIONS; CITY OF KODIAK; )
KODIAK POLICE DEPARTMENT; )
OFFICER JEWELL TORREJAS, )
DETECTIVE MICHAEL SORTOR, )
KODIAK POLICE DEPARTMENT CHIEF OF )
POLICE RHONDA WALLACE, )
JOHN DOES 1-10; )
)
                      Defendants. )

## COMPLAINT AND
## JURY DEMAND

COME NOW Plaintiff JUSTINE RICHARDSON, by and through counsel Phillip Paul Weidner of Phillip Paul Weidner & Associates, APC,[1] and hereby state, claim, plead and allege as her cause(s) of action in the instant matter, as follows.

### I. NATURE OF ACTION

1. This action seeks relief for violations of Plaintiff JUSTINE RICHARDSON'S right to due process, to be free from excessive and/or unnecessary force and seizure guaranteed by the United States Constitution, including the 4th Amendment, 5th Amendment, and the 14th Amendment to the U.S. Constitution, 42 U.S.C. §1983, and the comparable

---

[1] Suit is being brought on behalf of Justine Richardson in order to protect her rights given the statute of limitations Undersigned counsel and his firm have not executed a fee agreement with Justine Richardson and will be seeking to withdraw from representation.

provisions of the Alaska Constitution and Statutes, the United States of America Common Law and Alaska Law.

2. The culpable acts of the Defendants directly caused JUSTINE RICHARDSON to suffer physical and emotional and economic injury, loss of liberty, and injuries to her, including her constitutional, statutory, and common law rights.

## II. PARTIES

3. Plaintiff JUSTINE RICHARDSON was in the State of Alaska at the time of the events complained of here.

4. Defendant CITY OF KODIAK is located within the State of Alaska. It is responsible for the policies, procedures, and practices and conduct implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.

5. Defendant KODIAK POLICE DEPARTMENT is an agency of the City of Kodiak and at all times relevant, employed the Defendant Officers.

6. Defendant STATE OF ALASKA DEPARTMENT OF CORRECTIONS is a unit and/or agent of Defendant STATE OF ALASKA. Defendants State of Alaska and State of Alaska Department of Corrections are hereinafter collectively referred to as "Alaska DOC." Alaska DOC is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. Upon information and belief, the City of Kodiak and/or Kodiak Police Department, contracts with the Alaska DOC to operate the Kodiak City Jail.

Complaint
Richardson v. SOA, et al.
Page 2 of 16

Case 3:17-cv-00022-TMB   Document 1   Filed 01/31/17   Page 2 of 16

7. Defendants KODIAK POLICE DEPARTMENT CHIEF OF POLICE RHONDA WALLACE, OFFICER JEWELL TORREJAS, DETECTIVE MICHAEL SORTOR, are and/or were, at the time of the events referred to herein, upon information and belief, agents and/or employees of the City of Kodiak and/or Kodiak Police Department and/or State of Alaska and/or Alaska DOC and were and/or are residents of the State of Alaska and/or acting under color of law and/or acting in a culpable fashion in the State of Alaska, so as to subject them to the jurisdiction of this Court. The City of Kodiak and/or Kodiak Police Department and/or State of Alaska and/or Alaska DOC are responsible and/or vicariously liable for the acts of Chief of Police Rhonda Wallace, Officer Torrejas, Det. Sortor, acting as their agents and for failure to adequately train and supervise said defendants in the arrest of Justine Richardson on or about January 31, 2015 and her detention at Kodiak City Jail, and the other actionable claims herein.

8. Plaintiffs have named Alaska DOC as defendants in order to preserve the statute of limitations as it appears that Alaska DOC may have employed corrections officers and/or had contracts with the other Defendants and thus may be liable for Plaintiffs' injuries and damages.

9. DEFENDANTS John Does 1-10 are officers, agents and/or employees of the City of Kodiak and/or Kodiak Police Department and/or State of Alaska and/or State of Alaska Department of Corrections, and said John Doe defendants and named defendants acted under color of law of the State of Alaska and /or City of Kodiak, and or the United States and their culpable conduct, acts, and/or omissions were done while the defendants were within the scope of their duties for the City of Kodiak and/or State of Alaska.

Complaint
Richardson v. SOA, et al.
Page 3 of 16

Case 3:17-cv-00022-TMB   Document 1   Filed 01/31/17   Page 3 of 16

Furthermore, said actions were pursuant to the policies, customs and practices of the City of Kodiak and/or State of Alaska.

10. Defendants State of Alaska, State of Alaska Department of Corrections, City of Kodiak, Kodiak Police Department, Chief of Police Rhonda Wallace, Officer Jewell Torrejas, and Detective Michael Sortor, and John Does 1-10 are collectively referred to as "Defendants."

### III. FACTS COMMON TO ALL COUNTS OF THE COMPLAINT

11. On or about January 31, 2015, Plaintiff JUSTINE RICHARDSON was arrested and taken into custody by officers employed by and/or contracted by the State of Alaska, State of Alaska DOC, City of Kodiak and/or Kodiak Police Department, including Officer Jewell Torrejas, Det. Michael Sortor.

12. Prior to her arrest, in the days and/or weeks prior thereto, Justine Richardson was at her residence in Kodiak when Kodiak Police Officers damaged the security cameras of the residence, while attempting to execute an arrest of Disa Robison, the owner of the residence, pursuant to an arrest warrant. Conduct by the Kodiak Police Officers included climbing onto the roof of the residence and banging on windows. Justine Richardson was terrified.

13. After those events, Justine Richardson posted video of the conduct onto social media in Kodiak.

14. Upon information and belief, certain members of the Kodiak community viewed the video and/or were aware of it and the circumstances of the conduct.

Complaint
Richardson v. SOA, et al.
Page 4 of 16

Case 3:17-cv-00022-TMB   Document 1   Filed 01/31/17   Page 4 of 16

15. On the evening of January 31, 2015, Justine Richardson was in a vehicle with Disa Robison when they were stopped by Kodiak Police Department officials.

16. Apparently, there was an outstanding arrest warrant for Disa Robison. There was no reason to hold Justine Richardson or take her into custody, or to arrest her, however, she was arrested along with Disa Robison. Upon information and belief, one of the Officers was present at the arrest of Justine Richardson had been involved in the incident where the security cameras were smashed. Det. Michael Sortor was upset that Richardson had posted the video on social media and communicated his anger to her.

17. Justine Richardson was informed that she was being charged and taken to the Kodiak Jail. However, she was under the belief that she would only be charged with a misdemeanor, based on representation(s) by Alaska Trooper Simmons.

18. Richardson's mother went to the jail to bail out Richardson. Det. Sortor, in anger, said that Richardson was being charged with a felony and that Richardson would have to spend the night in jail, that she would not be bailable. Richardson's mother was told to leave.

19. Richardson was directed to undress in the shower area, to dress out into inmate attire. A female officer supervised her. During the dress out, a male voice came over the loudspeaker and directed the female officer to ask Richardson to bend over and cough. At this point, Richardson was in a state of near to complete undress.

20. Richardson became very distressed and began crying. She quickly grabbed the jail clothing and threw them on. The female officer yelled, in effect, that Richardson was "not cooperating." The doors opened and 4 men came in, told Richardson to take her

Complaint
Richardson v. SOA, et al.
Page 5 of 16

Case 3:17-cv-00022-TMB   Document 1   Filed 01/31/17   Page 5 of 16

Weidner & Associates, APC
943 West Sixth Avenue, Suite 300
Anchorage, Alaska, 99501
Tel. (907) 276-1200
Fax. (907) 278-6571

clothes off (these 4 men included Det. Sortor and Officer Torrejas). They grabbed her clothing and tried to take it off. Richardson was crying and screaming. Another corrections officer entered and screamed at the officers to stop. This was Officer Alex Alvarado. He directed Richardson to a private cell where she stayed the night.

21. The next morning, the Chief of Police entered Richardson's cell and said, in effect, "I heard you had a really rough night." The Chief of Police told Richardson that she was free to leave. Richardson asked for her discharge papers. Richardson was informed that there were no discharge papers. The Chief of Police told Richardson to leave the premises.

22. Richardson's mother had attempted to learn what happened to Richardson. She was informed that Richardson was not at the jail (when she was).

23. Richardson was not charged in connection with her arrest.

24. Richardson sustained significant physical, emotional, and economic injuries as a result of the matters described herein.

## COUNT ONE
## 42 U.S.C. §1983
## FOURTH, FIFTH AND FOURTEENTH AMENDMENT VIOLATIONS

25. Plaintiff realleges and incorporates paragraphs 1-24 as though fully set forth herein.

26. At all relevant times, Justine Richardson possessed a right under the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution, to due process and/or to be free from excessive and/or unnecessary force and unreasonable searches and seizure.

27. At all relevant times, the City of Kodiak, Kodiak Police Department, Kodiak Police Department Officers (Chief of Police Rhonda Wallace, Officer Torrejas, Det. Sortor), and

Complaint
Richardson v. SOA, et al.
Page 6 of 16

Case 3:17-cv-00022-TMB Document 1 Filed 01/31/17 Page 6 of 16

Weidner & Associates, APC
943 West Sixth Avenue, Suite 300
Anchorage Alaska, 99501
Tel. (907) 276-1200
Fax. (907) 278-6571

John Doe Defendants accomplished an unlawful result through individual and/or concerted action, in that they agreed to and/or did, through explicit or implicit means, to violate Plaintiff's right to due process and/or to be free from excessive and/or unnecessary force and unreasonable searches and seizure, provided in the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution.

28. In furtherance of said agreement, said Defendants, as described herein, unlawfully, unreasonably, deliberately, arrested Richardson, took her into custody at Kodiak City Jail and violently assaulted and attacked and restrained the Plaintiff, causing her injuries.

29. Said Defendants' individual and/or concerted action, as described above, violated the Plaintiff's right to due process and/or to be free from excessive and/or unnecessary force and unreasonable searches and seizure, provided in the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, and has caused her to suffer, and to continue to suffer damages, including physical and emotional injury, pain, mental anguish, and emotional distress.

30. At all relevant times hereto, said Defendants were acting under color of law, and their individual and/or concerted conduct as described hereinabove was unreasonable and without any lawful justification.

## COUNT II
## 42 U.S.C. §1983
## FOURTEENTH AMENDMENT VIOLATION- DUE PROCESS CLAUSE
## (CONSPIRACY)

31. Plaintiff realleges and incorporate paragraphs 1-30 as though fully set forth herein.

32. At all relevant times, Plaintiff possessed a right under the Fourteenth Amendment to the U.S. Constitution, to due process of law.

Complaint
Richardson v. SOA, et al.
Page 7 of 16

Case 3:17-cv-00022-TMB   Document 1   Filed 01/31/17   Page 7 of 16

33. At all relevant times, the City of Kodiak, Kodiak Police Department, Kodiak Police Department Officers (Chief of Police Rhonda Wallace, Officer Torrejas, Det. Sortor), and John Doe Defendants accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to violate Plaintiff's right to due process by unlawfully and unreasonably arresting, detaining, and/or deliberately arresting, imprisoning, restraining, seizing, and physically injuring Plaintiff and inflicting psychological pain on Plaintiff.

34. In furtherance of said agreement, said Defendants unlawfully, unreasonably, deliberately, arrested, detained, and/or assaulted the Plaintiff, causing her injuries.

35. Said Defendants' individual and/or concerted conduct, as described above, violated Plaintiff's right to due process as set forth in the Fourteenth Amendment to the U.S. Constitution, and has caused the Plaintiff to suffer damages, including physical and emotional injury, pain, mental anguish, and emotional distress.

## COUNT III
## 42 U.S.C. §1983
## FOURTEENTH AMENDMENT- EQUAL PROTECTION

36. Plaintiff realleges and incorporates paragraphs 1-35 as though fully set forth herein.

37. At all relevant times, the Plaintiff possessed a right under the Fourteenth Amendment to the Constitution of the United States to equal protection of the law.

38. At all relevant times, the City of Kodiak, Kodiak Police Department, Kodiak Police Department Officers (Officer Torrejas, Det. Sortor), and John Doe Defendants accomplished an unlawful result through individual and/or concerted action, in that they

Weidner & Associates, APC
943 West Sixth Avenue, Suite 300
Anchorage Alaska, 99501
Tel. (907) 276-1200
Fax. (907) 278-6571

Complaint
Richardson v. SOA, et al.
Page 8 of 16

Case 3:17-cv-00022-TMB   Document 1   Filed 01/31/17   Page 8 of 16

agreed, through explicit or implicit means, to violate Plaintiff's right to equal protection of the law by intentionally discriminating against Plaintiff on the basis of her gender.

39. In furtherance of said agreement, said Defendants unlawfully, unreasonably, deliberately, and assaulted and/or restrained the Plaintiff, causing her injuries, while she was in custody.

40. After a reasonable opportunity for further investigation or discovery, there will likely be evidentiary support that male officers arrested and processed at the jail are not subjected to similar physical assault and/or restraint by officers while in custody.

41. There was no legitimate, important, or necessary governmental, law enforcement or safety objective for said Defendants to treat the Plaintiff in a significantly different manner than similarly situated males, based on her gender.

42. Said Defendants' individual and/or concerted conduct, as described herein, violated the Plaintiff's right to equal protection as provided in the Fourteenth Amendment to the U.S. Constitution and has caused her to suffer and continue to suffer, damages, including personal and pecuniary injuries.

43. At all time relevant hereto, said Defendants were acting under color of law, and their individual and/or concerted conduct as described herein was intentional and/or done with a conscious, callous, and deliberate indifference to the Plaintiff's constitutional rights to equal protection and in a manner that shocks the conscience.

## COUNT IV
## 42 U.S.C. §1983
### VIOLATION OF PLAINTIFF'S ALASKA CONSTITUTIONAL RIGHTS, ARTICLE 1, SECTIONS 7 AND 14

44. Plaintiff realleges and incorporates paragraphs 1-43 as though fully set forth herein.

Complaint
Richardson v. SOA, et al.
Page 9 of 16

Case 3:17-cv-00022-TMB   Document 1   Filed 01/31/17   Page 9 of 16

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE ALASKA, 99501
TEL (907) 276-1200
FAX (907) 278-6571

45. The City of Kodiak, Kodiak Police Department, Officer Torrejas, Chief of Police Wallace, Det. Sortor, and John Does 1-10 are liable for all damages due under 42 U.S.C. §1983 for violating her State Constitutional rights, Article 1, Sections 7 and 14 and the common law.

## COUNT V
## *MONELL* ACTION AGAINST THE CITY OF KODIAK AND KODIAK POLICE DEPARTMENT

46. Plaintiff realleges and incorporates paragraphs 1-45 as though fully set forth herein.

47. The City of Kodiak and Kodiak Police Department caused the Plaintiff to suffer deprivations of federal and state constitutional rights described in the Counts above. Those actions were allowed, approved and/or ratified by Defendants Officer Torrejas, Det. Sortor, Chief of Police Wallace, and John Doe Defendants, with respect to law enforcement policy. These Defendants' culpable actions foreseeably resulted from the City of Kodiak and Kodiak Police Department's deliberate indifference to the need to adequately train and/or supervise and/or establish and enforce police practices, procedures, policies and/or customs and equipping police officers adequately to deal with an altercation or potentially hostile situation without resorting to excessive/lethal force.

48. Thus, the City of Kodiak and Kodiak Police Department Defendants are liable under 42 U.S.C. §1983 for the violation and deprivation of Plaintiffs' constitutional rights under color of law by virtue of their actions pursuant to the official policy or custom of the defendant City of Kodiak and/or Kodiak Police Department by and through their employees, agents, and servants.

Complaint
Richardson v. SOA, et al.
Page 10 of 16

Case 3:17-cv-00022-TMB   Document 1   Filed 01/31/17   Page 10 of 16

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE ALASKA, 99501
TEL (907) 276-1200
FAX (907) 278-6571

49. Defendants City of Kodiak and Kodiak Police Department failed to properly or adequately train and/or supervise the John Doe Defendants.

50. The failure to do so, given prior unethical, improper, and/or unconstitutional acts by City of Kodiak and Kodiak Police Department officers and/or agents and/or employees amounting to excessive force, and the knowledge of a continuing course of such conduct, amounts to a deliberate indifference to the civil rights of Plaintiff JUSTINE RICHARDSON as well as an indifference to the rights of other citizens and the community at large, and constitutes an official and/or *de facto* policy of the City of Kodiak and/or Kodiak Police Department approving and/or condoning and/or ratifying the improper acts and omissions of its agents and employees.

51. The City of Kodiak and Kodiak Police Department's actions and deliberate indifference caused the Plaintiff to suffer loss of liberty and great physical, emotional and economic injury. Said Defendants are therefore liable to the Plaintiff for compensatory damages, under 42 U.S.C. § 1983.

### COUNT VI
### 42 U.S.C. §1983
### DAMAGES

52. Plaintiff realleges and incorporates paragraphs 1-51 as though fully set forth herein.

53. The City of Kodiak, and Kodiak Police Department are liable for all damages due to Plaintiff Justine Richardson for 42 U.S.C. §1983 violations by them and their officers, including Officer Torrejas, Det. Michael Sortor, Chief of Police Wallace, and for their own violations in training, supervision, etiquette, procedures, and customs and policies and practices as set forth in this Complaint.

Complaint
Richardson v. SOA, et al.
Page 11 of 16

Case 3:17-cv-00022-TMB   Document 1   Filed 01/31/17   Page 11 of 16

## COUNT VII
## STATE LAW CLAIM- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff realleges and incorporates paragraphs 1-53 as though fully set forth herein.

55. At all times relevant hereto, the State of Alaska, State of Alaska DOC, City of Kodiak, Kodiak Police Department, and Officer Torrejas, Det. Sortor, Chief of Police Wallace, and John Doe Defendants intentionally and deliberately inflicted emotional distress on Plaintiff Justine Richardson by outrageous culpable acts and deliberate indifference and by abusing the lawful process by unlawful purposes by violating Plaintiff's constitutional rights.

56. Said Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency.

57. As a direct and proximate result of said Defendants' intentional, outrageous and extreme acts, Plaintiff suffered and continues to suffer psychological and emotional distress, humiliation, embarrassment, and mental and emotional trauma.

## COUNT VIII
## STATE LAW CLAIM- FALSE ARREST AND/OR IMPRISONMENT

58. Plaintiff realleges and incorporates paragraphs 1-57 as though fully set forth herein.

59. The Defendants acts constitute false arrest and/or false imprisonment, and/or unreasonable and unconstitutional seizure under State Law for which the Defendants are liable directly and/or vicariously liable.

## COUNT IX
## STATE LAW CLAIM- NEGLIGENCE

60. Plaintiff realleges and incorporates paragraphs 1-59 as though fully set forth herein.

Complaint
Richardson v. SOA, et al.
Page 12 of 16

Case 3:17-cv-00022-TMB   Document 1   Filed 01/31/17   Page 12 of 16

61. The Defendants breached their duty to exercise reasonable care to not engage in excessive force and/or unreasonable search and seizure. In doing so, they violated Plaintiff's rights under the U.S. and Alaska Constitutions and Alaska and U.S. common laws as alleged herein. Officer Torrejas, Det. Sortor, and Chief of Police Wallace did so in the course and within the scope of their duties as employees of the Alaska DOC, City of Kodiak and/or Kodiak Police Department.

62. The Defendants are therefore liable to compensate the Plaintiff for the damages described above, and punitive damages as set out below.

## COUNT X
## STATE LAW CLAIM- ASSAULT AND BATTERY

63. Plaintiff realleges and incorporates paragraphs 1-62 as though fully set forth herein.

64. The actions of State of Alaska, State of Alaska DOC, Officer Torrejas and Det. Sortor constituted the tort of assault and battery and as a direct and foreseeable result, inflicted physical injury, severe emotional distress and suffering, physical suffering, and the plaintiff continues to suffer as a result of same.

65. Said Defendants are therefore liable to compensate the Plaintiff for the damages described above, and punitive damages as set out below.

## COUNT XI
## STATE LAW CLAIM- TORT OF OUTRAGE

66. Plaintiff realleges and incorporates paragraphs 1-65 as though fully set forth herein.

67. The actions of Officer Torrejas and Det. Sortor constituted the tort of outrage and as a direct and foreseeable result, inflicted physical injury, severe emotional distress and suffering, physical suffering, and the plaintiff continues to suffer as a result of same.

Complaint
Richardson v. SOA, et al.
Page 13 of 16

Case 3:17-cv-00022-TMB   Document 1   Filed 01/31/17   Page 13 of 16

68. Said Defendants are therefore liable to compensate the Plaintiff for the damages described above, and punitive damages as set out below.

## COUNT XII
### STATE LAW CLAIM- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

69. Plaintiff realleges and incorporates paragraphs 1-68 as though fully set forth herein.

70. The intentional actions of Officer Torrejas and Det. Sortor caused severe emotional distress and the plaintiff continues to suffer as a result of same.

71. Said Defendants are therefore liable to compensate the Plaintiff for the damages described above, and punitive damages as set out below.

## COUNT XIII
### STATE LAW CLAIM- NEGLIGENT ENTRUSTMENT/NEGLIGENT HIRE/NEGLIGENT SUPERVISION/NEGLIGENT TRAINING

72. Plaintiff realleges and incorporates paragraphs 1-71 as though fully set forth herein.

73. The actions of State of Alaska, State of Alaska DOC in hiring Officer Torrejas and Det. Sortor, and Chief of Police Wallace, were negligent, reckless and wanton and were undertaken with a deliberate disregard for the rights and safety of the arrestees and/or inmates, including the plaintiff herein, and call for the imposition of both compensatory and punitive damages.

## COUNT XIV
### STATE LAW CLAIM- VICARIOUS LIABILITY

74. Plaintiff realleges and incorporates paragraphs 1-73 as though fully set forth herein.

75. At all times pertaining hereto, State of Alaska employees and/or agents described herein were acting pursuant to, or in accordance with or incidental to their duties and

Complaint
Richardson v. SOA, et al.
Page 14 of 16

Case 3:17-cv-00022-TMB   Document 1   Filed 01/31/17   Page 14 of 16

WEIDNER & ASSOCIATES, APC
943 WEST SIXTH AVENUE, SUITE 300
ANCHORAGE ALASKA, 99501
TEL (907) 276-1200
FAX (907) 278-6571

responsibilities with the State of Alaska Department of Corrections, rendering the State of Alaska liable for damages caused by same.

## COUNT XV
## PUNITIVE DAMAGES

76. Plaintiff realleges and incorporates paragraphs 1-75 as though fully set forth herein.

77. The conduct of each of the Defendants, persons, and/or persons acting with them, individually, jointly and severally was willful, wanton, reckless and with reckless indifference and/or in deliberate disregard of the foreseeable consequences and the interests of other persons, and of the Plaintiff's Constitutional, statutory, and/or common law rights under Federal and/or State law, and calls for the imposition of punitive damages against all said Defendants individually, jointly and severally who are subject to same under the law in an appropriate amount to chill and deter such conduct in the future, with due regard to the nature of the culpable conduct at issue, and harm to Plaintiff, and the net worth of the respective Defendants.

**WHEREFORE**, the Plaintiff seeks the following relief:

a. On behalf of Plaintiff, compensatory damages in excessive of $100,000 from the Defendant(s), jointly and severally;

b. For punitive damages against each Defendant from which such damages are allowable by law in an appropriate amount;

c. For appropriate prejudgment and post-judgment interest in the maximum amount allowable by law;

Complaint
Richardson v. SOA, et al.
Page 15 of 16

Case 3:17-cv-00022-TMB   Document 1   Filed 01/31/17   Page 15 of 16

d. An award of costs, attorneys' fees and expenses against the Defendants City of Kodiak and Kodiak Police Department and the individually named defendants, and each of them, pursuant to 42 U.S.C. § 1983, and Alaska law;

e. Interest, and other relief as the Court may deem just and equitable;

f. A trial by jury under the Plaintiff's United States and Alaska Constitutional rights to same with respect to all claims.

### JURY DEMAND

Plaintiff requests a trial by jury.

RESPECTFULLY SUBMITTED this 26TH day of January, 2017.

WEIDNER & ASSOCIATES, APC

*Phillip Paul Weidner*
Phillip Paul Weidner, ABA 7305032
943 West Sixth Avenue, Suite 300
Anchorage, AK 99501
Attorney for Plaintiff

Complaint
Richardson v. SOA, et al.
Page 16 of 16

Case 3:17-cv-00022-TMB   Document 1   Filed 01/31/17   Page 16 of 16